William E. **DYSON**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee.**

**No. 52A02–9610–CR–632.**

Court of Appeals of Indiana.

March 27, 1998.

---

OPINION

SULLIVAN, Judge.

Appellant, William E. Dyson (Dyson), appeals his conviction for Battery,[1] a Class B misdemeanor.

We affirm.

Upon appeal, Dyson contends that his conviction for Battery is invalid because he maintained legal authority to discipline his son, B.D., age seventeen. Dyson also argues that the trial court erred by excluding statements made by B.D. after the incident.

On December 28, 1995, the Wabash Circuit Court ordered Dyson to forfeit custody of B.D. in favor of the child's natural mother, Karen Eis. The court granted Dyson supervised visitation. In addition, the order provided B.D. with possession of a 1985 F250 Ford pickup truck, which was titled in the names of both Dyson and B.D.

On December 30, 1995, Dyson and his father attempted to retrieve the truck from B.D., who was temporarily residing with a friend, Ray Wiser, Jr. Dyson entered the truck by breaking a side window and drove a short distance from the house. Subsequently, Dyson returned to the Wiser home and requested to speak with B.D. When B.D. eventually appeared, Dyson entered the house and forcibly attempted to remove him. However, Bobby Wiser intervened and ejected Dyson from the home.

The State charged Dyson with Residential Entry,[2] a Class D felony, and Battery, a Class B misdemeanor. During trial, the court excluded the testimony concerning statements made by B.D. about Dyson after the incident. In his offer to prove, Dyson demonstrated that B.D.'s sister would have testified as follows:

"Q. And then what did he say?

A. [B.D.] said, 'Well, I'm gonna [sic] get even with that son of a bitch.'

Q. What did you say?

A. I said, '[B.], is that a threat?'

Q. And what did he say?

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

---

1. I.C. 35–42–2–1(a) (Burns Code Ed.Repl.1994).

2. I.C. 35–43–2–1.5 (Burns Code Ed.Repl.1994).

A. He replied, 'Well, you can take it any way you want it but I'm going to even with that son of a bitch.' " Record at 989.

\* \* \* \* \* \*

"A. And he said that he wanted to see this mother fuc-, he was talking about [Dyson], he said he wanted to see this mother fucker in jail for the rest of his life." Record at 994.

Dyson was subsequently convicted on both counts and sentenced to a cumulative term of eighteen months, which was suspended. Upon appeal, Dyson challenges only his conviction for Battery.

## I. LEGAL AUTHORITY TO DISCIPLINE

■ Dyson argues that his conviction for Battery should be reversed because he maintained legal authority to discipline B.D. I.C. 35–41–3–1 (Burns Code Ed.Repl.1994) provides that "[a] person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." This statute has been interpreted to permit a parent to engage in reasonable discipline of his child, even if such conduct would otherwise constitute battery. *Smith v. State* (1986) Ind.App., 489 N.E.2d 140, 141, *trans. denied.*

■ Dyson did not have legal authority to discipline B.D. in this context. On December 28, 1995, the Wabash Circuit Court ordered Dyson to surrender custody of B.D. to his former wife. The Order also provided:

> **"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED** by the Court that [Dyson] shall be entitled to visitation only on a restricted basis with said visitation to be supervised by Reverend Gregory Thomas, Reverend Lee Ann Thompson or by any other individual that is mutually agreed upon by and between the parties hereto. All unsupervised visitation shall

be prohibited until further order of this Court...." Record at 715.

■ A parent who is prohibited from interacting with his or her child except when supervised may not legally use physical force to discipline that child when not supervised.[3] Therefore, we conclude that the parental discipline defense affords Dyson no protection because his alleged attempt to discipline B.D. did not occur in the context of a supervised visitation.

In addition, Dyson argues that his conviction was improper because the State presented no evidence that he had actual knowledge of the contents of the December 28, 1995 order. However, we will not absolve Dyson based upon his deliberate ignorance.[4]

## II. EXCLUSION OF B.D.'S STATEMENTS

Dyson also contends that the trial court improperly excluded testimony regarding hostile statements made by B.D. after the incident. Dyson argues that these statements were admissible to demonstrate bias and prejudice pursuant to Ind.Evid.Rule 616.[5]

■ We agree with Dyson that the trial court erred by excluding these statements as hearsay. Dyson introduced the testimony not to prove the fact of the matter asserted, but to demonstrate that B.D. was biased and prejudiced against him. "A witness's bias, prejudice or ulterior motives are always relevant at trial in that they may discredit her or affect the weight of her testimony." *Shanholt v. State* (1983) Ind.App., 448 N.E.2d 308, 316.

■ However, exclusion of this testimony does not require reversal of the Battery conviction because the error was harmless and did not prejudice Dyson. *See Donaldson v. Indianapolis Pub. Transp. Corp.* (1994) Ind.

---

**3.** We expressly decline to address whether and to what extent a parent who is prohibited from interacting with his child except when supervised maintains the right to discipline his child in the context of a supervised visitation.

**4.** The order in question was issued pursuant to a hearing conducted on the date of the order. Dyson elected to not attend that hearing.

**5.** Ind.Evid.Rule 616 provides "[f]or the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible."

App., 632 N.E.2d 1167, 1170. Dyson contends that B.D. falsely testified that Dyson struck him several times with an open hand. This testimony, Dyson argues, may have influenced the jury to believe that Dyson did not discipline his child in a reasonable manner.

However, as previously noted, whether Dyson disciplined B.D. in a reasonable manner is irrelevant because Dyson was prohibited from disciplining B.D. under the circumstances. Therefore, even if B.D.'s allegations of striking were not accurate, reversal is not required because the trial court could properly conclude that Dyson touched B.D. in an angry manner based upon the testimony of several other witnesses.

The judgment is affirmed.

FRIEDLANDER and KIRSCH, JJ., concur.