**Michael KELNHOFER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 79A05–0606–CR–312.

Court of Appeals of Indiana.

Dec. 5, 2006.

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Michael Kelnhofer ("Kelnhofer") appeals from the trial court's order revoking his probation and imposing execution of the remainder of his sentence.

We affirm.

### ISSUE

Kelnhofer states the issue as:

"The maximum possible sentence was inappropriate in light of the evidence of the character of the offender and the nature of the offense."

### FACTS

In 1993, Kelnhofer entered a guilty plea to the charge of manslaughter and was sentenced to fifty years with thirty years executed and twenty years suspended. Kelnhofer was released by the Department of Correction in 2004. In April, 2005, the State filed a petition to revoke his probation alleging that he possessed firearms. After a hearing, the trial judge ordered that Kelnhofer serve the remaining portion of his suspended sentence.

Additional facts will be added as needed.

### DISCUSSION AND DECISION

■ A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Watson v. State,* 833 N.E.2d 497, 500 (Ind.Ct.App.2005). We will consider all the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.* A probation revocation hearing must be a narrow inquiry with flexible procedures that allow a court to exercise its "inherent power to enforce obedience to its lawful orders." *Brabandt v. State,* 797 N.E.2d 855, 860 (Ind.Ct.App.2003). The decision whether to revoke probation is a matter within the sound discretion of the trial court. *Id.*

■ Kelnhofer's argument focuses on the fact that the only violation of his probation was that of possessing a firearm. However, we would observe that the facts go deeper than that.

Attached to the petition for revocation of probation was an affidavit for probable cause stating that Kelnhofer shot and killed a Jamie Gallivan. Kelnhofer admitted shooting Gallivan and then fleeing the scene of the shooting with both a .22 caliber rifle and a 20–gauge shotgun. Kelnhofer disposed of the two guns, but later helped the police locate the firearms. Kelnhofer admitted that he possessed the firearms.

Additionally, at the sentencing hearing held in 2005, the trial court heard from the father and the brother of the victim that Kelnhofer shot and killed in 1993. The father testified that Kelnhofer tried to cut the victim's head off. The brother testified "I cannot comprehend how Michael Kelnhofer could have stabbed John, slitting his throat, leaving him to die in a pool of his own blood." Appellant's App. p. 85.

Although Kelnhofer contends that his sentence is inappropriate in light of the evidence and the character of the offender, it is important to note that the evidence is clear that Kelnhofer had killed twice, the facts of one homicide revealing an egregious nature, and his admission of the other murder. Considering that we only reverse in this situation on a showing of clear error, one which leaves us with a definite and firm conviction that a mistake has been made, we can only conclude that the evidence is sufficient to support the judgment of the trial court.

██ In addition to the foregoing it should be observed that Kelnhofer wrote a letter to the trial judge who, in turn and without objection, read the letter into the record. The letter said:

"Dear Judge Thomas Busch, I, Michael Joseph Kelnhofer, am writing this letter to you in regards to the upcoming sentencing hearing scheduled for December 21, 2005 at 10:30 a.m. At this hearing you will hear a number of reasons why I should receive the least amount of the twenty-year sentence I face. Like how well I was doing on probation, how I cooperated in the investigation to this case, completed house arrest, and whatever else my attorney may present in my behalf. This will show that you should impose the lightest sentence possible, but I ask that you don't. Since all the mitigating factors outweigh the aggravating I ask that you let me impose——that you let me impose the sentence in this case. I ask this Court to sentence me to the full twenty years that was suspended without any house arrest, work release, probation time, or any other community correction program that would be taken off the maximum twenty year sentence to the Department of Correction. I ask that this Court request that I be sent back to Pendleton Correctional Facility for twenty years, the time I have remaining on said probation. In closing I ask that this Court grant the above and send me back to the place I grew up and call my home, Pendleton Correctional Facility or the Department of Corrections. Thanks for your assistance in this matter. Yours truly, Michael Joseph Kelnhofer. Dated December 11th, 2005."

Appellant's App. pp. 96–97.

██ Kelnhofer cannot invite error and then request relief on appeal based upon that ground. *See Mitchell v. State,* 730 N.E.2d 197, 201 (Ind.Ct.App.2000). Invited error is not reversible error. *Id.*

### CONCLUSION

The trial court committed no error in sentencing Kelnhofer to the remaining time on his suspended sentence.

Judgment affirmed.

KIRSCH, C.J., and BAKER, J., concur.