Sophia WILLIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0611–CR–982.

Court of Appeals of Indiana.

May 17, 2007.

Robert D. King, Jr., Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Sophia Willis appeals her conviction for Battery on a Child,[1] a class A misdemeanor, arguing that the evidence is insufficient to support the verdict. Finding no error, we affirm the judgment of the trial court.

### FACTS

Willis has a son, J.J., who was eleven years old at the time of the incident at issue herein. On February 3, 2006, J.J.'s fifth grade teacher discovered him giving a bag of women's clothes—which he had stolen from Willis—to a classmate. The teacher confiscated the clothing and called Willis at work. After thinking about the situation for a couple of days, on February 5, 2006, Willis told J.J. to go into his room, drop his pants, and put his hands on his bunk bed. She then angrily whipped him approximately seven times with a belt or extension cord. J.J. tried to ward off the blows with his arm, resulting in three to four lash-shaped bruises on his left arm and left thigh.

On February 6, 2006, J.J., who was still sore, asked his teacher if being whipped with an extension cord was child abuse and requested to see the school nurse. The nurse observed bruises on J.J.'s left arm and left thigh. After learning that J.J. was afraid of his mother, the nurse contacted child protective services.

On February 9, 2006, the State charged Willis with class D felony battery on a child with injury. On August 28, 2006, following a bench trial, the trial court found Willis guilty as charged. On September 25, 2006, following a sentencing hearing, the trial court reduced her conviction to a class A misdemeanor and sentenced her to 365 days in jail, with 357 days suspended to probation. Willis now appeals.

### DISCUSSION AND DECISION

Willis argues that the evidence is insufficient to support her conviction. She does not dispute the relevant details of the incident as related by the State; rather, she argues that she has legal authority to discipline her child by applying corporal punishment.

Upon a challenge of the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of wit-

1. Ind.Code § 35–42–2–1.

nesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). In reviewing the conviction, we will consider only the probative evidence and the reasonable inferences that may be drawn therefrom in support of the verdict. *Id.* A claim of insufficient evidence will prevail only if no reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Ritchie v. State*, 809 N.E.2d 258, 270 (Ind.2004).

To convict Willis of battery of a child, the State was required to establish that she knowingly or intentionally touched J.J., who was less than fourteen years of age, in a rude, insolent, or angry manner, causing bodily injury. I.C. § 35–42–2–1. Here, the State presented evidence that Willis whipped J.J. with a belt or extension cord, using substantial force, approximately seven times. Tr. p. 8–10, 16, 56, 68. J.J. testified that Willis was angry when she struck him. *Id.* at 9. There was also evidence that J.J. suffered bruising and pain at the time of the incident and the following day. *Id.* at 9, 23–25, 57–58. This evidence is sufficient to establish that Willis knowingly and intentionally touched J.J. in a rude, insolent, or angry manner, causing him bodily injury.

Indiana Code section 35–41–3–1 provides that a person is justified in engaging in otherwise prohibited conduct if he has legal authority to do so. This statute establishes a parent's right to employ reasonable corporal punishment to discipline a child. *Dyson v. State*, 692 N.E.2d 1374, 1376 (Ind.Ct.App.1998). But there are limits to that right and parents may be found guilty of, among other things, battery, if they exceed their disciplinary authority. *See, e.g., Mitchell v. State*, 813 N.E.2d 422, 427 (Ind.Ct.App. 2004) (holding that dropping four-year-old son to the floor and kicking him was a battery); *Smith v. State*, 489 N.E.2d 140, 141 (Ind.Ct.App.1986) (holding that a par-

ent's ten-minute beating of a child, involving fifteen blows to the child's body and resulting in a laceration and numerous contusions, was a criminal act). As we have noted in the past, "[t]here is precious little Indiana caselaw providing guidance as to what constitutes proper and reasonable parental discipline of children, and there are no bright-line rules." *Mitchell*, 813 N.E.2d at 427.

We sympathize with Willis's argument that she is a single parent who is doing the best that she can, but we cannot condone her choice to whip her child with an extension cord to the point of causing him bruises and extended pain. The trial court is in the best position to determine what is reasonable under any given circumstances, and we must give substantial deference to the trial court's decision herein. Willis's argument that her behavior was justified under the circumstances is a request that we reweigh the evidence—a practice in which we do not engage when considering the sufficiency of the evidence. *See Mitchell*, 813 N.E.2d at 428 (finding that father's argument that his actions were justified, not excessive, and merely parental discipline was an invitation to reweigh the evidence). We acknowledge that this was a closer case than some of the examples cited above, but ultimately, we cannot say that the trial court erred in finding sufficient evidence to convict Willis of class A misdemeanor battery on a child.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and CRONE, J., concur.