**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TROY E. REIK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 11A01-1203-CR-134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLAY CIRCUIT COURT
The Honorable Joseph D. Trout, Judge
Cause No. 11C01-1102-FC-102

**September 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

After entering into a plea agreement, Troy E. Reik pled guilty to Class C felony burglary. As a condition of his probation, Reik was ordered to pay restitution in an amount to be determined by Victims Assistance within thirty days; Reik was then allowed thirty days to request a hearing to determine the reasonableness of the restitution. Reik contends that the trial court abused its discretion in ordering him to pay restitution as a condition of his probation by failing to fix the amount and inquire into his ability to pay. Finding the trial court did not abuse its discretion, we affirm.

**Facts and Procedural History**

On February 15, 2011, Reik and Joshua Walls went to the residence of Dennis McWilliams in Clay County. Reik helped Walls remove a dryer, a freezer, and a metal filing cabinet from the property without McWilliams' consent. The State charged Reik with Class C felony burglary, Class D felony theft, and Class A misdemeanor criminal trespass.

Reik entered into a plea agreement and sentencing recommendation with the State whereby Reik would plead guilty to Class C felony burglary and the State would dismiss the other two counts. Reik would receive a four-year sentence, but the parties would argue the executed portion and how it would be served to the trial court. As part of his probation, Reik agreed to "Make restitution in an amount to be determined by Victims Assistance, to the victim(s) commencing with pro-rated payments within 30 days." Appellant's App. p. 43.

The trial court accepted the plea agreement and sentenced Reik to 180 days executed, one and one-half years on electronic in-home detention as a condition of

probation, and two years on unsupervised probation. At the sentencing hearing, Reik voiced his willingness to pay restitution for any damage that he caused, and the trial court affirmed restitution as a condition of probation. However, the trial court did not set an amount of restitution because the victim had not yet provided an amount of damages – the items taken by Reik and Wells were returned to McWilliams undamaged. Instead, the trial court noted in its order that if an amount of restitution was determined within thirty days, Reik would have thirty days to request a hearing to determine the reasonableness of the restitution.

Reik now appeals.

**Discussion and Decision**

Reik contends that the trial court abused its discretion in ordering him to pay restitution as a condition of his probation by failing to fix the amount and inquire into his ability to pay. We disagree. A restitution order is within the trial court's discretion, and we will only review the order for an abuse of that discretion. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*.

> As a condition of probation, the trial court may order a defendant to:
>
> [m]ake restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Ind. Code § 35-38-2-2.3(a)(5). Notably, the statute does not set a timeframe during which the amount of restitution shall be fixed and during which the defendant's ability to pay shall be examined.

3

Reik's plea agreement provides that the amount of restitution was to be set by Victims Assistance within thirty days, Appellant's App. p. 43, and Reik then had thirty days to request a hearing to determine the reasonableness of the restitution and consequently his ability to pay. *Id.* at 50. Therefore, although they were to take place in the future, the plea agreement met the statutory requirements of setting the amount of restitution and inquiring into Reik's ability to pay. Additionally, by entering into such an agreement and expressly voicing his willingness to pay restitution at the sentencing hearing, Tr. p. 24, Reik has waived any argument that the plea agreement was insufficient. *See Miller v. State*, 730 N.E.2d 197, 201 (Ind. Ct. App. 2000) (defendant's failure to object to restitution order at trial waived the issue for appeal), *trans. denied*.

Therefore, Reik agreed to pay restitution, and the trial court entered instructions for the amount to be fixed and provided Reik the opportunity to determine the reasonableness and his ability to pay the restitution as required under Indiana Code section 35-38-2-2.3(a)(5). Because the trial court met the statutory requirements, we affirm.

Affirmed.

BARNES, J., concurs.

MATHIAS, J., concurs in result with separate opinion.

4

# IN THE
# COURT OF APPEALS OF INDIANA

TROY E. REIK,                    )

                                  )

     Appellant-Defendant,      )

                                  )

         vs.                 )     No. 11A01-1203-CR-134

                                  )

STATE OF INDIANA,          )

                                  )

     Appellee-Plaintiff.       )

**MATHIAS, Judge concurring in result.**

I write separately to express my concern that the practice of ordering a defendant to pay restitution in an amount to be determined by Victims Assistance may make it impossible for the defendant to appeal the amount of restitution. For example, on February 27, 2012, the trial court sentenced Reik to 180 days executed, one and one-half years on electronic in-home detention as a condition of probation, and two years on unsupervised probation. Reik voiced his willingness to pay restitution for any damages that he caused, and the trial court ordered restitution as a condition of probation in an amount to be determined by Victims Assistance.

Reik had thirty days, or until March 26, 2012, to appeal the sentencing order, including the terms and conditions of his probation. If Victims Assistance assessed restitution costs after March 26, 2012, it would be impossible for Reik to appeal the

5

amount of the restitution. A Victims Assistance determination of restitution is not a final appealable order.

Nevertheless, Reik voiced his willingness to pay restitution at the sentencing hearing. He therefore waived appellate review of this issue. See Mitchell v. State, 730 N.E.2d 197, 201 (Ind. Ct App. 2000) (explaining that Mitchell waived appellate review of the trial court's restitution order at sentencing when he expressed his willingness to pay restitution), trans. denied.