## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paris Hardy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 29, 2016 <br><br> Court of Appeals Case No. 49A02-1506-CR-496 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy J. Barbar, Magistrate <br><br> Trial Court Cause No. 49G02-1408-F2-40117 |

**Najam, Judge.**

# Statement of the Case

Paris Hardy appeals the trial court's order that he pay $2,000 in restitution following his conviction for burglary, as a Level 2 felony, and carrying a handgun without a license, as a Class A misdemeanor. Hardy raises a single issue for our review, namely, whether the State presented sufficient evidence to show that he owed $2,000 in restitution. We reverse and remand with instructions.

# Facts and Procedural History

On August 11, 2014, Hardy and his brother, Patrick, broke into and entered the home of the Abplanalp family in Indianapolis. The Hardy boys stole a Kindle tablet, an iPhone 5, and a Nikon camera from inside the home. The front door and frame as well as an interior window were damaged during the incident.

On August 21, the State charged Hardy with burglary, as a Level 2 felony; robbery, as a Level 3 felony; and carrying a handgun without a license, as a Class A misdemeanor. The court found Hardy guilty as charged following a bench trial.

At the ensuing sentencing hearing, the parties and the court engaged in the following colloquy regarding the State's request for restitution:

> MR. WILEY [for the State]: Judge, that would be $1,000.00 for the front door and door frame, $500.00 for the damage to the interior door, and $150.00 for the Kindle that was stolen.

* * *

MR. WILEY: $200.00 for the iPhone 5, $150.00 for a Nikon camera that was stolen. That would be a grand total of $2,000.00.

THE COURT: Have you shared these figures with Defense counsel?

MR. WILEY: I did just before the hearing started.

THE COURT: Do you have any objection?

MR. HALATA [for Hardy]: Your Honor, I guess my one objection would be to the Kindle, I guess, in the fact that I remember in the trial, there was never possession I guess of that proved, that Kindle.

THE COURT: Yeah. And my Kindle only cost $99.00. So I don't know what kind of Kindle it was, but—yeah. The Court did find that it hadn't been shown the—the pawned Kindle?

MR. HALATA: And I don't remember the camera ever being shown either as being claimed of being stolen.

* * *

MR. WILEY: The camera came to light later . . . . I think there was evidence that the Kindle was stolen. . . . And so we would be seeking the full $2,000.00.

Tr. at 187-88. After that exchange, the court entered its judgment of conviction and sentence against Hardy. In relevant part, the court ordered Hardy to pay $2,000 in restitution. This appeal ensued.

## Discussion and Decision

Hardy appeals the trial court's restitution order. An order of restitution is within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion. *Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court misinterprets or misapplies the law. *Id.*

Hardy asserts that the State failed to present sufficient evidence to support the order that he pay $2,000 in restitution. Specifically, Hardy notes that the deputy prosecutor's statements, which were the only apparent basis for the amount of restitution, are not evidence. This is obviously correct; we have long recognized that "the unsworn statements of the deputy prosecutor" regarding the appropriate amount for restitution provide "no basis upon which restitution could be made." *Smith v. State*, 471 N.E.2d 1245, 1248-49 (Ind. Ct. App. 1984), *trans. denied*. Rather, "[t]he amount of actual loss is a factual matter which can be determined only upon presentation of evidence," and, to support a claim for restitution, the State must present evidence that "affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *T.C. v. State*, 839 N.E.2d 1222, 1225, 1227 (Ind. Ct. App. 2005) (internal quotation marks omitted).

Indeed, the State seems to concede as much in that its argument on appeal does not actually challenge Hardy's argument. Rather, the State contends that Hardy has waived our review of his claim of error with respect to all but $300 of

the restitution order. That $300 reflects the total alleged value of the Kindle tablet and Nikon camera, the two items that Hardy's counsel specifically challenged in response to the State's assertions for restitution.

[8]     The State is mistaken. In support of the its argument that Hardy has waived appellate review of the remaining $1,700 of the restitution order, the State cites *C.H. v. State*, 15 N.E.3d 1086, 1095-97 (Ind. Ct. App. 2014), *trans. denied*. But *C.H.* does not support the State's position. To the contrary, *C.H.* explains that the State's argument for waiver is not correct. As we explained:

> "Generally, failure to object to an award of restitution constitutes waiver of a challenge to the award on appeal, unless a defendant argues that the award was fundamentally erroneous and in excess of statutory authority." *Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013). "[A] defendant's failure to make a specific and timely objection to the trial court's receipt of evidence concerning the amount of restitution constitutes waiver of the issue on appeal." *Id.* Nevertheless, a number of cases have emphasized this Court's preference for reviewing a trial court's restitution order even absent an objection by the defendant. *See e.g., Rich v. State*, 890 N.E.2d 44, 48-49 (Ind. Ct. App. 2008) ("*the vast weight of the recent caselaw . . . indicates that the appellate courts will review a trial court's restitution order even where the defendant did not object based on the rationale that a restitution order is part of the sentence*, and it is [our] duty . . . to bring illegal sentences into compliance") (internal quotation marks and citations omitted), *trans. denied*.

> Here, however, *C.H. not only failed to object to restitution, but he affirmatively agreed to the imposition of restitution*. We addressed a similar argument in *Mitchell v. State*, 730 N.E.2d 197, 201 (Ind. Ct. App. 2000), *trans. denied*. In *Mitchell*, the trial court convicted Mitchell of rape and criminal deviate conduct. *Mitchell*, 730

N.E.2d at 201. At trial, Mitchell did not object to the issued restitution order and agreed to pay for the victim's counseling via restitution. *Id.* On appeal, *we held that Mitchell had waived appellate review by both not objecting to the restitution order at trial and by agreeing to pay restitution*, thus inviting error. *Id.*

\* \* \*

*Here, C.H. waived error by not objecting to the restitution order and invited error by affirmatively agreeing to the terms which he now argues were erroneous.* Because C.H. invited error, and invited error is not reversible error, we concluded that C.H. has waived review of this claim of error. . . .

*Id.* at 1096-97 (emphases added). As *C.H.* and its discussion of our case law make clear, appellate review of the sufficiency of the evidence underlying a restitution order is precluded only when the defendant *both* does not object *and* expressly agrees to the terms of restitution. *E.g.*, *Mitchell*, 730 N.E.2d at 201. Failure to object, standing alone, does not forfeit appellate review. *E.g.*, *Rich*, 890 N.E.2d at 48-49. Here, nothing in the parties' colloquy with the trial court can reasonably be interpreted as an agreement or stipulation by Hardy to the amount of restitution demanded by the State. Accordingly, we reject the State's assertion on appeal that Hardy has not properly preserved his claim of error for our review.

[9] In sum, we hold that Hardy's argument on appeal is properly before us. On the merits, we hold that the State did not present sufficient evidence to support the amount of the restitution order. Accordingly, we reverse the restitution order

and remand with instructions that the court hold a new restitution hearing. At that hearing, the State must present evidence in support of its claimed amount of restitution. We also note that, on appeal, the parties agree that the court on remand should inquire into Hardy's ability to pay a restitution award.

[10] Reversed and remanded with instructions.

Riley, J., and May, J., concur.