## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2017, 6:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ann M. Sutton
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 7, 2017

Court of Appeals Case No.
49A04-1703-CR-620

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49G19-1604-CM-14406

**Bailey, Judge.**

# Case Summary

Matthew Williams ("Williams") appeals his conviction for Operating a Vehicle While Intoxicated, Endangering a Person, a Class A misdemeanor.[1]  We affirm.

# Issues

Williams presents three issues for review:

I.    Whether the trial court abused its discretion in the admission of evidence;

II.   Whether the State presented sufficient evidence of endangerment to support the elevation of his offense to a Class A misdemeanor; and

III.  Whether the trial court erred in ordering the payment of probation fees.

# Facts and Procedural History

At around 2:30 a.m. on April 17, 2016, Marion County Deputy Sheriffs Landon Walker and Cynthia Milan, who had just completed a work shift, were traveling in separate vehicles on 38th Street near Central Avenue in Indianapolis.  A vehicle passed at a high rate of speed, and the officers observed

---

[1] Ind. Code § 9-30-5-2(b).

that it was being driven erratically. After the driver ran a red light, Deputy Walker initiated a traffic stop.

[4] The driver, Williams, stopped his vehicle. Deputy Walker requested that Williams produce a driver's license and a vehicle registration. Williams was initially cooperative but he could not remember where he had placed his wallet and he stated that the vehicle lacked registration because it was newly purchased. The license plates belonged to another vehicle. Deputy Walker observed that Williams' eyes were glossy and blood shot. His speech was slurred and he smelled strongly of alcohol.

[5] Deputy Walker administered three field sobriety tests to Williams. The tests were observed by Deputy Milan and a third officer who had stopped to assist, Deputy Charles McClain. The deputies determined that Williams had failed each of the field sobriety tests and placed him under arrest. Upon his arrest, Williams became verbally hostile, cursing and name-calling. He refused the offer of a chemical test.

[6] On April 17, 2016, the State charged Williams with driving while intoxicated. On February 17, 2017, a jury found Williams guilty as charged. He was sentenced to 365 days imprisonment, with 364 days suspended to probation. Williams now appeals.

# Discussion and Decision

## Exclusion of Video Pre-trial Statement

[7]     Williams asserts that he was denied a fair trial because the trial court excluded from evidence Deputy Walker's videotaped pre-trial statement. The admission and exclusion of evidence are matters that rest within the sound discretion of the trial court. *Griffith v. State*, 31 N.E.3d 965, 969 (Ind. 2015). Such decisions are reviewed on appeal only for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Hastings v. State*, 58 N.E.3d 919, 922 (Ind. Ct. App. 2016).

[8]     Deputy Walker testified that he had administered three field sobriety tests to Williams. These were a horizontal gaze nystagmus ("HGN") test, a walk-and-turn test, and a one-leg stand test. During his direct examination and cross-examination, Deputy Walker was asked to explain specifically the steps involved in each test, describe the "clues" for intoxication that he was looking for, and testify to exactly how many "clues" he observed during each of Williams' tests. (Tr. Vol. II, pg. 91.) During cross-examination, Deputy Walker testified that he did not believe he could remember all the "clues" in all three tests and the trial court commented that some of the deputy's testimony describing steps in the testing seemed inconsistent. (Tr. Vol. II, pg. 118.) The jury was excused and a bench conference ensued.

[9] Defense counsel proposed the introduction into evidence of Deputy Walker's videotaped pre-trial statement, in its entirety. The State pointed out that, without redaction, the statement would reference at least one prior driving-while-intoxicated conviction to which Williams had admitted and the State feared invoking a mistrial. The trial court informed defense counsel that prior inconsistent statements, but not prior consistent statements, would be admissible and counsel conceded that he did not propose to redact the statement in any manner. The trial court excluded the videotaped statement from evidence, reasoning that Williams had "accomplished" impeachment by eliciting the deputy's cross-examination responses, (Tr. Vol. II, pg. 126), and further reasoning that judicial economy would be served by declining to interrupt the trial to permit redaction. Williams asked to make an "offer of proof;" that is, the entire unredacted statement would serve as his offer of proof. (Tr. Vol. II, pg. 138.)

[10] On appeal, Williams argues that the trial court excluded relevant evidence and that its exclusion was prejudicial to him:

> The defense was prejudiced by not being allowed to play the tape and then argue to the jury that perhaps this Officer, due to his confusion over the field sobriety testing in general, should not have relied solely on his inherently subjective testing, and instead should have secured a warrant for a blood test. There was a more detailed discussion of the failure to secure a warrant for a blood test during the taped statement. Mr. Williams deserves a full and fair trial, with the admission of evidence relevant to his defense. The Court erred in failing to admit the taped statement, based on an incorrect conclusion that only inconsistent

statements were admissible, and that judicial economy regarding the remaining parts of the tape trumped Mr. Williams' right to a defense.

Appellant's Brief at 10.

[11] In essence, Williams urges that the videotaped statement would have had such great impeachment value that the jury could conclude that the results of the field sobriety tests were unreliable and, Williams could not be convicted of a charge requiring proof of intoxication absent a blood test.

[12] Deputy Walker had demonstrated varying recollection of how many clues he had observed in conducting the field sobriety tests. He admitted as much in cross-examination. Importantly, however, the deputy never wavered in his assessment that Williams had failed each test or that he was intoxicated. Indeed, all three deputies observed visible signs of Williams' intoxication and formed the opinion that he was intoxicated. Admitting the videotaped statement in its entirety and bringing attention to the discrepancy in the number of clues would have had minimal, if any, impeachment value. Williams has shown no reversible error. *See* Ind. Trial Rule 61 (appellate courts "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties").

# Sufficiency of the Evidence

[13] To convict Williams of Operating a Vehicle While Intoxicated, Endangering a Person, as charged, the State was required to establish beyond a reasonable

doubt that Williams operated his vehicle, while intoxicated, in a manner that endangered a person. I.C. § 9-30-5-2(b). A person is intoxicated when he or she is under the influence of alcohol such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties. I.C. § 9-13-2-86.

[14] Williams does not claim that the evidence of his intoxication or operation of a vehicle was deficient. He challenges only the element elevating the offense from a Class C misdemeanor to a Class A misdemeanor, that is, endangering a person. Evidence of intoxication does not, without more, prove "endangerment." *Outlaw v. State*, 929 N.E.2d 196, 196 (Ind. 2010). However, it is sufficient that the defendant's intoxication resulted in unsafe driving practices such that the public, police, or the defendant *could* have been endangered. *Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011), *trans. denied*.

[15] For a sufficiency of the evidence claim, we look only to the probative evidence and reasonable inferences therefrom which support the verdict. *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). We do not assess the credibility of witnesses and we do not reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[16] Deputy Walker testified that Williams' vehicle passed him, traveling at a "high rate of speed." (Tr. Vol. II, pg. 73.) He and Deputy Milan each characterized Williams' driving as erratic. Williams had intermittently hit his brakes, without

apparent reason, and crossed over the white line dividing lanes. Finally, the deputies had observed Williams run a red light. From this evidence of unsafe driving practices, a reasonable fact-finder could conclude beyond a reasonable doubt that Williams had endangered a person.

## Sliding Scale Probation Fees

[17] At the sentencing hearing, Williams requested that he be placed on probation and be subject to a sliding scale for probation fees. The trial court found Williams indigent for purposes of appointment of appellate counsel, and stated that "fines and costs are waived based upon your indigency." (Tr. Vol. III, pg. 12.)

[18] On appeal, Williams challenges the written sentencing order that requires him to pay "Monetary Obligations" in the amount of $790.00, specifically:

| | |
|---|---|
| Adult Probation Administrative Fee | 50.00 |
| Adult Probation Monthly and Initial Fee | 281.30 |
| Alcohol and Drug Counter Fee- County | 150.00 |
| Alcohol and Drug Countermeasure Fee State | 50.00 |
| Alcohol/Drug Program User Fee | 250.00 |
| Probation User Fee – Clerk's 3% - CR | 8.70 |

[19] Williams argues that the finding of indigence relieves him of any monetary obligation and that the imposition of probation fees on a sliding scale may not be delegated to the probation department. He asks that we remand the sentencing order for correction to reflect that he owes no monetary obligation.

[20] When a defendant is convicted of a misdemeanor, our legislature has given to the trial court, and not the probation department, discretionary authority to impose certain probation fees. *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017). Indiana Code Section 35-38-2-1(e) provides:

> In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:
>
> (1) not more than a fifty dollar ($50) initial probation user's fee;
>
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
>
> (3) the costs of the laboratory test or series of tests to detect …HIV … and
>
> (4) an administrative fee of fifty dollars ($50);
>
> to either the probation department or the clerk.

[21] Indiana Code Section 33-37-5-10(a)(1)(A) provides for collection of an alcohol and drug countermeasures fee of $200.00 when a person is found to have "committed an offense under IC 9-30-5." Indiana Code Section 33-37-5-8 provides for an alcohol and drug services program fee "set by the court under IC 12-23-14-16." Indiana Code Section 12-23-14-16 provides in relevant part: "The court may require an eligible individual to pay a fee for a service of a program … [which] may not exceed $400.00."

[22] The foregoing-described fees are those imposed by the trial court. Its oral sentencing order did not purport to waive probation fees, only fines and costs; thus, there is no inconsistency. Moreover, the written sentencing order comports with Williams' express requests for probation, community service, and sliding scale fees. To the extent that Williams now suggests that the probation department should not be involved in calculating sliding scale payments, Williams invited the alleged error and may not seek revision of the sentencing order on this basis. *See Kelnhofer v. State*, 857 N.E.2d 1022, 1024 (Ind. Ct. App. 2006) (an appellant "cannot invite error and then request relief on appeal based upon that ground.") Williams has demonstrated no sentencing error.

# Conclusion

[23] Williams did not demonstrate an abuse of discretion in the trial court's evidentiary rulings or sentencing order. His conviction is supported by sufficient evidence.

[24] Affirmed.

Baker, J., and Altice, J., concur.