## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2018, 7:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Lee Couch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2018

Court of Appeals Case No.
49A02-1711-CR-2655

Appeal from the Marion Superior Court

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G12-1706-CM-23110

**Pyle, Judge.**

# Statement of the Case

John Lee Couch ("Couch") appeals the trial court's restitution order entered following his conviction for Class B misdemeanor criminal mischief[1] and Class B misdemeanor disorderly conduct.[2] Couch argues that the trial court erred by ordering him to pay $144.00 in restitution to the victim, contending that the amount of restitution was based on insufficient evidence. Because Couch specifically agreed that $144.00 was the amount of restitution, he invited any alleged error with the restitution order and has waived his appellate challenge to restitution.

We affirm.

# Issue

Whether the trial court erred by ordering Couch to pay $144.00 in restitution to the victim.

# Facts

On June 21, 2017, Couch was injured in a car accident and taken by ambulance to the emergency room ("ER") at Eskenazi Hospital ("Eskenazi"). When Couch arrived at Eskenazi, he was strapped to a backboard and had a C-collar around his neck. An ER nurse, Rachel Thomas ("Nurse Thomas"), took Couch from the EMTs, put him into an ER room, and performed an initial

---

[1] IND. CODE § 35-43-1-2(a). This statute was subsequently amended after the commission of Couch's offense, and an amended version of the statute will become effective on July 1, 2018.

[2] I.C. § 35-45-1-3(a)(2).

assessment. Nurse Thomas noted that Couch was "a little anxious" and that he seemed "ready to . . . get off that board and out of that C-collar." (Tr. Vol. 2 at 9). Nurse Thomas told Couch that a doctor would come to see him, and she then left the room. Shortly thereafter, Nurse Thomas heard a "loud bang" coming from Couch's room. (Tr. Vol. 2 at 9). Nurse Thomas went back into the room, where she saw that the call light had been ripped from the wall and that a suction unit had been broken off the wall. Couch was "very agitated, cussing, yelling, [and] calling names." (Tr. Vol. 2 at 10). Couch demanded "treatment right away" and stated that he was going to leave and find another hospital. (Tr. Vol. 2 at 10). Nurse Thomas assured Couch that a doctor would soon see him and called for security. The security officer told Couch that he could not destroy hospital property and that he needed to calm down and remain quiet. The security officer also informed Couch that a doctor would soon see him. After Nurse Thomas and the security officer left the room, Couch loudly and "continually" yelled and cussed. (Tr. Vol. 2 at 17). After Couch was treated and discharged, the security officer went to talk to Couch, who tried to walk away. Couch yelled and made "a loud scene" and was eventually arrested. (Tr. Vol. 2 at 28). Couch admitted to the security officer that he had "broke the stuff off the wall[.]" (Tr. Vol. 2 at 28).

[4] The State charged Couch with Class B misdemeanor criminal mischief and two counts of Class B misdemeanor disorderly conduct.[3] In October 2017, the trial court held a bench trial, during which Couch testified and denied that he had told the security officer that he had broken anything. The trial court found Couch guilty of Class B misdemeanor criminal mischief and one count of Class B misdemeanor disorderly conduct, and it found him not guilty of the other Class B misdemeanor disorderly conduct charge.[4] Per the State's request, the trial court set the sentencing hearing out one week so that the State could obtain "the exact cost of the suction unit . . . to include . . . as part of the restitution." (Tr. Vol. 2 at 41).

[5] During the subsequent sentencing hearing, the following exchange occurred regarding restitution:

> THE COURT: Remind me why we kicked [the sentencing hearing] out. Was it restitution?
>
> [THE STATE]: The restitution. We were trying to get the exact amount of the suction device that was broken.
>
> THE COURT: Oh, yes. Any witnesses here, or any agreements?
>
> [THE STATE]: We have a receipt for $144.
>
> THE COURT: Do you agree with that?

---

[3] One count alleged that Couch had made an unreasonable noise and continued to do so after being asked to stop, *see* INDIANA CODE § 35-45-1-3(a)(2), and the other count alleged that he had engaged in fighting or tumultuous conduct. *See* I.C. § 35-45-1-3(a)(1).

[4] The trial court found him guilty of the disorderly conduct charge relating to making an unreasonable noise.

[COUCH'S ATTORNEY]: Judge, I don't have any reason to dispute the receipt, no.

THE COURT: Okay. Because I've been reversed on this stuff. I need you to either continue it, or you agree to it, we have a hearing, I mean. You don't dispute it, which means what? I know he can't agree because he thinks he – he wants to maintain his innocence.

[COUCH'S ATTORNEY]: Right. Can I speak to my client just briefly?

THE COURT: Yeah. I guess, "we're not disputing restitution" type of saying might cover you?

[COUCH'S ATTORNEY]: I think that's accurate. We are not disputing the amount of restitution.

(Tr. Vol. 2 at 42-43). Thereafter, the trial court moved to sentencing recommendations. The State argued that the trial court should order Couch to do forty hours of community service and asked the court to enter a restitution order for $144.00. Couch's counsel responded, "Judge, we agreed upon the restitution in the amount of $144" and then stated that "[f]or that reason, . . . I think fewer hours of community service would be appropriate." (Tr. Vol. 2 at 44). For each of Couch's convictions, the trial court imposed a one hundred and eighty (180) day suspended sentence, and it ordered that these sentences be served concurrently. The trial court also ordered Couch to pay $144.00 in restitution to Eskenazi and to do twenty-four hours of community service. Couch now appeals.

# Decision

[6] Couch argues that the trial court erred by ordering him to pay $144.00 in restitution.[5] "[A] trial court has the authority to order a defendant convicted of a crime to make restitution to the victim[] of the crime." *Henderson v. State*, 848 N.E.2d 341, 345 (Ind. Ct. App. 2006) (citing IND. CODE § 35-50-5-3). "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008), *reh'g denied*. "Restitution also serves to compensate the offender's victim." *Id.* When a victim has incurred property damage as a result of a defendant's crime, the trial court's restitution order will be "based on the actual cost of repair (or replacement if repair is inappropriate)[.]" I.C. § 35-50-5-3(a)(1). "The amount of a victim's loss is a factual matter that can be determined only on presentation of evidence." *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*. An order of restitution lies within the trial court's discretion and will be reversed only where there has been an abuse of discretion. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial

---

[5] Couch, acknowledging that he did not object to restitution during sentencing, argues that the trial court committed fundamental error by ordering him to pay $144.00 in restitution. The State contends that Couch's lack of objection results in waiver of his argument on appeal. Generally, the failure to object to an award of restitution will result in waiver of an appellate challenge to the award; however, we note that our Court has "emphasized this Court's preference for reviewing a trial court's restitution order even absent an objection by the defendant." *See C.H. v. State*, 15 N.E.3d 1086, 1095-97 (Ind. Ct. App. 2014).

court has misinterpreted the law. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013).

[7] Couch contends that the amount of restitution was based on insufficient evidence because the State did not offer the receipt for the requested restitution of $144.00 as an exhibit during the sentencing hearing. The State responds that Couch's "argument that the State failed to present sufficient evidence proving the loss sustained ignores the fact that [Couch] agreed to the accuracy of the amount, thereby relieving the State of any need to prove it." (State's Br. 9). The State further asserts that Couch "cannot tell the State [that] he does not dispute the amount and then turn around on appeal and complain that the State did not present the evidence he said was unnecessary." (State's Br. 9). We agree with the State.

[8] Here, during the sentencing hearing, the State sought restitution for the suction device that Couch had broken at Eskenazi. The State indicated that it had a receipt for $144.00, and Couch stated that he was "not disputing the amount of restitution." (Tr. Vol. 2 at 43). When making a sentencing argument, Couch referred to his stipulation as a means to argue for lesser hours of community service. Specifically, his counsel stated, "Judge, we agreed upon the restitution in the amount of $144" and "[f]or that reason, . . . I think fewer hours of community service would be appropriate." (Tr. Vol. 2 at 44).

[9] Despite his agreement regarding the amount of restitution, Couch now attempts to argue on appeal that there is insufficient evidence to support the restitution

amount ordered by the trial court. We reject his argument because of invited error. A defendant "cannot invite error and then request relief on appeal based upon that ground[.]" *Mitchell v. State*, 730 N.E.2d 197, 201 (Ind. Ct. App. 2000), *trans. denied*. Invited error is not reversible error. *C.H. v. State*, 15 N.E.3d 1086, 1097 (Ind. Ct. App. 2014), *trans. denied*. Because Couch agreed to the amount of restitution, he invited any alleged error and waived his argument that there is insufficient evidence to support the restitution amount. *See, e.g.*, *C.H.*, 15 N.E.3d at 1097 (holding that the appellant's restitution argument was waived where he had invited any error regarding restitution); *Mitchell*, 730 N.E.2d at 201 (providing that the defendant had waived his appellate challenge to the trial court's restitution order because he had invited the error alleged).

[10] Affirmed.

Vaidik, C.J., and Barnes, J., concur.